IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNICE KING, Administrator of the Estate of Shaun P. King, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELA KING,<br><br>    Defendant. | Case No. 3:23-CV-00355-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are Defendant Angela King's ("Angela") unopposed Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint (Doc. 49) and Plaintiff Shaunice King's ("Shaunice") Supplemental Motion to Remand this Case to the Twentieth Judicial Circuit Court for St. Clair County, Illinois (Doc. 61). The Court will prioritize Shaunice's motion to remand because it is improper to address the merits of a case unless federal subject matter jurisdiction is secure. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

### BACKGROUND

On March 16, 2006, Shaun King ("Shaun") and Angela were legally married in St. Clair County, Illinois. (Doc. 26-1 at 1). As Shaun's wife, Angela was designated as the beneficiary of a group life insurance policy issued by Lincoln National Life Insurance Co. ("Lincoln" and the "Lincoln Policy"), which Shaun had obtained through his employer, Wieland North America, Inc. ("Wieland"). (Doc. 24 at 1). On June 18, 2021, Shaun and

Angela divorced. (Doc. 26 at 2). The Judgment of Dissolution of Marriage contained an agreed-to provision whereby Shaun and Angela relinquished any rights they had as beneficiaries in various "instrument[s]" including "annuities, life insurance policies, certificates of deposit, bonds, bills, notes, etc." (Doc. 24 at 2).

On October 6, 2021, Shaun died without removing Angela as the beneficiary of the Lincoln Policy. *Id.* In November 2021, Lincoln paid Angela approximately $263,000 as Shaun's beneficiary under the Lincoln Policy. *Id.* On February 22, 2022, the St. Clair County Court appointed Shaunice as legal representative of Shaun's estate. *Id.*

On May 11, 2022, Shaunice filed a Petition for Citation to compel the appearance of Angela. (Doc. 1-1 at 157). "In the citation petition, [Shaunice] contends Angela [ ] is not the proper party to possess the proceeds of [Shaun's] life policy because she effectively waived her beneficial rights to it, and Shaun [ ] did not thereafter re-designate her as beneficiary." (Doc. 13 at 4). In December 2022, Shaunice filed a Second Amended Petition for Citation to "include a claim against the insurer, [Lincoln], for its unlawful failure and withholding of payment of the policy proceeds to the Estate." (Doc. 1-1 at 7).

On February 1, 2023, Angela and Lincoln removed the case to this Court on the basis of federal question and supplemental jurisdiction. (Doc. 1); *see* 28 U.S.C. §§ 1331 & 1367. On February 9, 2023, Shaunice filed her first motion to remand (Doc. 12), which this Court denied on May 10, 2023. (Doc. 24). The Court found that Shaunice's claims were "premised on the existence of the [Lincoln] Policy" and thus completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq. Id.* at 4-9. And for that reason, subject matter jurisdiction was secure in federal

court. *Id.* at 9.

On August 16, 2023, Shaunice filed an amended complaint in this Court naming Wieland as an additional Defendant. (Doc. 26 at 11). This amended complaint contains the following claims: unjust enrichment and common law fraud against Angela (Counts I and II respectively), negligence and breach of contract against Lincoln (Counts III and IV respectively), and negligence against Wieland (Count V). (Doc. 26 at 5-12). On August 1, 2024, Shaunice, Lincoln, and Wieland filed a joint stipulation of dismissal with prejudice in this Court. (Doc. 60).

With Lincoln and Wieland dismissed from the case, Shaunice filed a supplemental motion to remand the remaining claims against Angela to state court. (Doc. 61). Her supplemental motion contends that the "[c]ircumstances of the case have changed" with the dismissal of Lincoln and Wieland, and that "the ineluctable conclusion now is that remaining claims against Angela [] have no relation to or reliance upon terms of the [Linoln] [P]olicy." *Id.* at 11.

## DISCUSSION

Shaunice argues that her remaining claims of unjust enrichment and common law fraud against Angela are "beyond ERISA's preemptive reach" because they do not implicate the terms of the Lincoln Policy. (Doc. 61 at 6). Thus, according to Shaunice, the basis for federal subject matter jurisdiction no longer exists and remand is appropriate. Angela responds that "[n]othing has changed" and that Shaunice's claims against her remain "completely preempted by ERISA." (Doc. 62 at 7).

In *Kennedy v. Plan Adm'r for DuPont Sav & Inv. Plan*, 555 U.S. 285, 301 (2009), the

Supreme held that ERISA "adher[es] to an uncomplicated rule: simple administration, avoiding double liability, and ensuring that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules." (cleaned up). "Under *Kennedy*, the administrator is obligated to pay the benefits in conformity with plan documents without resort to external documents," like, in this case, a divorce decree that may undermine the named beneficiary's claim to the benefits. *In re Radcliffe*, 563 F.3d 627, 633 (7th Cir. 2009). But once benefits are paid, the concern over the "simple administration" of a covered plan is no longer present. Thus, the question of whether a beneficiary may be sued for her improper *collection* of benefits presents a question that *Kennedy* did not address. *See Kennedy*, 555 U.S. at 299 n.10 ("Nor do we express any view as to whether the Estate could have brought an action in state or federal court against Liv to obtain the benefits after they were distributed.").

Although the Seventh Circuit has not weighed in on the question of "whether a personal representative may sue a recipient of ERISA benefits after distribution," the Eighth Circuit recently observed that "every circuit to address the question holds that ERISA does not preempt such suits." *Gelschus v. Hogen*, 47 F.4th 679, 685 (8th Cir. 2022). Here, the amended complaint named Angela, Lincoln, and Wieland as Defendants, and asserted various causes of action based on state law against each. Angela's claims against Lincoln and Wieland were based on their handling of the Lincoln Policy's benefits after Shaun and Angela divorced, and the alleged improper payment of benefits to Angela after Shaun's death. But once Lincoln and Wieland were dismissed from the case, ERISA's objective to secure the prompt administration and payment of benefits of covered plans

was no longer at risk. The only issue left to be resolved is Angela's liability to Shaun's estate based on her conduct in collecting the Lincoln Policy's benefits after agreeing to relinquish her rights thereto in the divorce. That issue does not implicate ERISA's concern with the "expeditious payment of plan proceeds to beneficiaries;" it only concerns Angela's conduct in *collecting* the benefits. *Estate of Kensinger v. URL Pharma, Inc.*, 674 F.3d 131, 137 (3d Cir. 2012). In *Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1007 (11th Cir. 2018), the Eleventh Circuit explained that such post-distribution claims against recipients of plan benefits are fair game under ERISA because they do not interfere with the prompt administration and payment of plan benefits:

> [A] party who is not a named beneficiary of an ERISA plan may not sue the plan for any plan benefits. A party, however, may sue a plan beneficiary for those benefits, but only after the plan beneficiary has received the benefits.

That is precisely the situation presented here. Lincoln (the issuer of the Lincoln Policy) and Wieland (the Lincoln Policy's sponsor) are no longer in the case. Only Angela's liability to Shaun's estate is now at issue and that matter is beyond ERISA's preemptive reach. *See id.* at 1008 (administrator of decedent's estate was free to pursue action against decedent's wife "in which the Plan trustee is not a party . . . [but] only after the Plan benefits have been distributed to the ultimate beneficiary under the Plan.").

Having determined that Shaunice's claims against Angela are no longer completely preempted by ERISA, the next question is whether they should be remanded to state court. The Eighth Circuit addressed this issue in *Matschiner v. Hartford Life and Acc. Ins. Co.*, 622 F.3d 885 (8th Cir. 2010). In that case, the district court entered summary judgment in favor of the plaintiffs (the decedent's children) who had asserted that the

issuer (the Hartford) wrongfully paid life insurance benefits to the decedent's ex-husband, who was still the named beneficiary on the policy at the time of the decedent's death. *Id.* at 886. The Eighth Circuit reversed, finding that summary judgment was appropriate for the Hartford because its payment of benefits to the ex-husband comported with *Kennedy*'s "plan documents rule." *Id.* at 888. Having decided the substantive issue of the Hartford's liability, the Court offered the following jurisdictional instruction on remand: "That will leave the Matschiners' separate claims against Alan Lewis [the ex-husband], which may or may not have an independent basis of federal jurisdiction. If not, the district court will need to decide whether to exercise its supplemental jurisdiction or to dismiss these state law claims without prejudice." *Id.* at 889. On remand, the district court retained supplemental jurisdiction over the plaintiffs' claims against the ex-husband under 28 U.S.C. § 1367(c) based on the "[c]onsiderable discovery and motion practice" that had already taken place. *Matschiner v. Lewis*, No. 8:07CV435, 2011 WL 116867, at *1 (D. Neb. Jan 13, 2011). This Court will take a different path.

Although a district court may exercise supplemental jurisdiction over state law claims after it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), the Seventh Circuit has provided clear directives in favor of remand. *See Coleman v. City of Peoria*, 925 F.3d 336, 352 (7th Cir. 2019) ("Absent unusual circumstances, district courts relinquish supplemental jurisdiction over pendent state law claims if all claims within the court's original jurisdiction have been resolved before trial."); *Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017) ("The usual practice in this circuit

is for district courts to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (internal quotation marks omitted). Shaunice's claims of unjust enrichment and common law fraud against Angela raise issues that are emphatically within the domain of state law. And because the federal jurisdictional hook of ERISA preemption is no longer present, the resolution of these claims is appropriately left to the state court. With these considerations in mind, remand is appropriate.

## CONCLUSION

For these reasons, Shaunice's Supplemental Motion to Remand the Case to the Twentieth Judicial Circuit Court for St. Clair County, Illinois (Doc. 61) is **GRANTED**. Counts I and II of Shaunice's Amended Complaint (Doc. 26) are **DISMISSED without prejudice** and will be addressed by the St. Clair County Circuit Court on remand. Angela's unopposed Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint (Doc. 49) is **DENIED without prejudice**. Upon remand, the Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

DATED: September 30, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**